# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-32-M ) |
| KEVIN J. DAVIS, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion for Preliminary Injunction, filed February 16, 2016. On February 18, 2016, the Court held a hearing in this matter[1], and on February 26, 2016, plaintiff filed a Supplemental Brief in Support of Motion for Preliminary Injunction.

Plaintiff moves the Court to enter a preliminary injunction freezing defendant Kevin J. Davis' ("Davis") forex trading accounts and First National Bank accounts. Federal Rule of Civil Procedure 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Thus, the Court must initially determine whether sufficient notice has been given to the adverse party in this case.

"[C]ourts addressing the issue [of notice] have stated that the sufficiency of Rule 65(a)(1) notice is within the district court's discretion." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001) (internal citations omitted). Having carefully reviewed plaintiff's supplemental brief, as well as the Declaration of Daniel Burstein in Support of Plaintiff's Motion for Preliminary Injunction, the Court finds that defendant received sufficient notice of the preliminary injunction sought by plaintiff and an opportunity to object and that defendant's son, an

---

[1] Only plaintiff's counsel appeared at the February 18, 2016 hearing.

appropriate successor after defendant's death, received sufficient notice of the preliminary injunction and an opportunity to object.

Having found sufficient notice, the Court will now address the merits of plaintiff's motion for preliminary injunction.

> A court deciding whether to issue a preliminary injunction under the [Commodity Exchange Act] does not employ the familiar preliminary injunction formula, which requires that a plaintiff clearly establish a substantial likelihood of success on the merits and the likelihood of irreparable injury, among other things. Rather, the standard is lower. The Act enables district courts to issue permanent or temporary injunctions upon a proper showing and without bond. A prima facie case of illegality is a "proper showing."

*United States Commodity Futures Trading Comm'n v. Hunter Wise Commodities*, 749 F.3d 967, 974 (11th Cir. 2014) (internal quotations and citations omitted).

Having carefully reviewed plaintiff's motion and the declaration of Melissa M. Cavers attached to the motion, the Court finds that plaintiff has made a sufficient and proper showing in support of the relief requested, and granted herein, by evidence establishing a prima facie case and a reasonable likelihood that Davis engaged in violations of Section 4m(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 6m(1), and Regulation 4.20(a)-(c), 17 C.F.R. § 4.20(a)-(c). Additionally, the Court finds there is good cause to believe that irreparable harm to the Court's ability to grant effective final relief for Davis' commodity pool participants in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition of assets related to Davis' commodity pool. Finally, the Court finds there is good cause for the issuance of a preliminary injunction protecting Davis' commodity pool participants from further loss and damage.

Accordingly, the Court GRANTS plaintiff's Motion for Preliminary Injunction [docket no. 13].

**IT IS THEREFORE ORDERED** that accounts owned, controlled, managed, or held by or on behalf of, or for the benefit of Davis at the following financial institutions shall remain frozen pending further order of this Court:

    a.    First National Bank;

    b.    Oanda Corporation;

    c.    Gain Capital Group; and

    d.    Forex Capital Markets, LLC.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution that may be subject to any provision of this Order. Daniel Burstein, Trial Attorney for the Commission, and Melissa Cavers, a Commission investigator, are hereby specially appointed to serve process, including of this Order and all other papers in this case.

**IT IS FURTHER ORDERED** that, pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by plaintiff, which is an agency of the United States of America.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED this 1st day of March, 2016.**

*[Signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE